UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22277-ELFENBEIN

ALEXANDRA NIKOLAYEVNA
VASINA-NAHMANI,

    Plaintiff,

v.

**KRISTI NOEM,**
*Secretary, U.S. Department of
Homeland Security,*
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.[1] *Pro se* Plaintiff Alexandra Nikolayevna Vasina-Nahmani filed a Complaint for Writ of Mandamus and Other Injunctive Relief against Defendants Secretary of the United States Department of Homeland Security Kristi Noem, Director of the United States Citizenship and Immigration Services ("USCIS") Kika Scott, Associate Director of USCIS Michael Valverde, and Director of USCIS Miami Field Office Eileen Lopez-Tome. *See generally* ECF No. [1]. Plaintiff filed the Complaint on May 19, 2025, *see* ECF No. [1], but she never asked the Clerk of Court to issue any summonses.

Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendants within 90 days after filing the Complaint. *See* Fed. R. Civ. P. 4(m). Plaintiff filed the Complaint on May 19, 2025, *see* ECF No. [1], so she was required to serve Defendants by August 17, 2025,

---

[1] Pursuant to Administrative Order 2025-11, which applies to cases that include as a party "a non-prisoner pro se" litigant, this case was assigned to me as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment.

*see* Fed. R. Civ. P. 4(m).  As of July 14, 2025, there was no indication in the court file that Plaintiff had served Defendants as required by Rule 4(m), so the undersigned ordered her to "either properly serve all required individuals or show good cause as to why she has not" by August 17, 2025.  *See* ECF No. [4] at 3.

Because Plaintiff is acting *pro se*, the Court reminded her that, to perfect service here, she had to send copies of the summons and complaint by registered or certified mail to "all four Defendants and the United States itself," through its agents Attorney General Pam Bondi and either the U.S. Attorney for the Southern District of Florida, his designee, or the civil-process clerk at the United States Attorney's Office.  *See* ECF No. [4] at 2; Fed. R. Civ. P. 4(i)(1)–(2).  The Court also warned Plaintiff that "[f]ailure to file proof of service or to show good cause by August 17, 2025 may result in the undersigned issuing a Report and Recommendation recommending the dismissal without prejudice of Plaintiff's action."  *See* ECF No. [4] at 3; Fed. R. Civ. P. 4(m).  Despite those reminders and warnings, there is still no indication in the court file that Plaintiff has requested that the Clerk issue summonses or has served Defendants as required by Rule 4(m).  And her deadline to do so has passed.

As Rule 4(m) explains, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *See* Fed. R. Civ. P. 4(m).  The undersigned ordered that service be made within a specified time, *see* ECF No. [4], but Plaintiff did not provide proof of service or "show[] good cause for the failure" such that "the court must extend the time for service for an appropriate period," *see* Fed. R. Civ. P. 4(m).  As a result, there is only one option left under Rule 4(m) now that Plaintiff has been given the required notice: to "dismiss the action without prejudice."  *See* Fed. R. Civ. P. 4(m).

CASE NO. 25-CV-22277-ELFENBEIN

Accordingly, I respectfully **RECOMMEND** that:

1. The Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE**; and

2. If the Court adopts this Report and Recommendation, I further recommend that the Clerk of Court **CLOSE** the case and terminate all deadlines.

Pursuant to Local Magistrate Rule 4(b), the parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on August 19, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel of Record

**Alexandra Nikolayevna Vasina-Nahmani**
1800 NE 114th Street
Apt. 2010
Miami, FL 33181
*PRO SE*